IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BART WAYNE WOODARD                                              PLAINTIFF

v.                              Case No. 6:18-cv-6013

CORRECTIONAL OFFICER MCGEE and
INMATE TODD RANDALL GREENWAY                            DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed September 18, 2019, by the
Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas.
ECF No. 53. Judge Ford recommends that Defendant McGee's Motion for Reconsideration be
granted and Plaintiff's complaint be dismissed with prejudice. Plaintiff, representing himself in
this action, has responded with objections. ECF No. 56. The Court finds the matter ripe for
consideration.

Plaintiff alleges his constitutional rights were violated when he was sexually assaulted and
beaten in his cell while incarcerated in the Arkansas Department of Correction ("ADC"), Ouachita
River Unit, between July 18, 2016, and July 19, 2016. Plaintiff alleges that Defendant McGee, a
correctional officer, opened the cell door to let inmates into Plaintiff's cell to perpetrate the assault
and documented the incident on a smartphone.

Defendant McGee filed a summary judgment motion (ECF No. 15), arguing that Plaintiff
failed to exhaust his available administrative remedies, and thus, his claims are barred by the Prison
Litigation Reform Act's ("PLRA") exhaustion requirement. Plaintiff filed a response to the
summary judgment motion, in which he stated that "[a]ll correctional officers refused access to all
forms of official type paper forms for making request[s] or filing complaints [and/or] grievances."

ECF No. 20, p. 5. Plaintiff's response was dated, signed, and sworn under penalty of perjury pursuant to 28 U.S.C. § 1746. Judge Ford issued a Report and Recommendation (ECF No. 25) concluding that Plaintiff had failed to exhaust his administrative remedies and recommending that Plaintiff's claims be dismissed. Plaintiff filed objections (ECF No. 29), arguing that his failure to exhaust his administrative remedies did not warrant dismissal because he was prevented from utilizing the ADC's grievance procedure. He included a handwritten, signed, and sworn declaration in which he stated that six ADC staff members refused to provide him with grievance forms when requested. ECF No. 29-2. The Court declined to adopt the Report and Recommendation (ECF No. 25), finding "that a genuine issue of material fact exists as to whether Plaintiff was kept from utilizing the ADC grievance procedure, and, accordingly, whether he had any available administrative remedies." ECF No. 31, p. 4.

Defendant McGee filed a Motion to Reconsider Exhaustion, citing recently discovered evidence in this case. ECF No. 42. Judge Ford then issued the instant Report and Recommendation (ECF No. 53) regarding this motion. First, Judge Ford addressed an argument advanced by Plaintiff that the filing of his Prison Rape Elimination Act ("PREA") report satisfies his PLRA administrative exhaustion requirement. Judge Ford concluded that a PREA report cannot be used in place of a prison grievance procedure to satisfy the PLRA administrative exhaustion requirement.[1] Second, Judge Ford concluded that the ADC grievance procedure was available to Plaintiff and that he was not prevented from using it. Third, Judge Ford concluded that Plaintiff willingly chose not to exhaust his administrative remedies. Judge Ford recommends that the Court grant Defendant McGee's Motion to Reconsider Exhaustion and dismiss Plaintiff's

---

[1] The Court agrees with the conclusion that a PREA report cannot be used in place of a prison grievance procedure to satisfy the PLRA administrative exhaustion requirement. The Court notes that Plaintiff did not object to this portion of the Report and Recommendation.

complaint with prejudice.

The Federal Rules of Civil Procedure do not account for "motions to reconsider." The Eighth Circuit instructs that "motions to reconsider are 'nothing more than Rule 60(b) motions when directed at non-final orders.'" *Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (quoting *Elder–Keep v. Aksamit,* 460 F.3d 979, 984 (8th Cir. 2006)). The instant motion is directed at a non-final order. Thus, the Court will consider Defendants' motion to reconsider as it would a Rule 60(b) motion.

Federal Rule of Civil Procedure 60 allows a district court to relieve a party from a judgment on the narrow grounds of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; voidness; satisfaction of judgment; or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "Rule 60(b) authorizes relief in only the most exceptional of cases." *In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007).

The purpose of Rule 60(b) relief is not to give parties an opportunity to re-argue their case. *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980); *Nichols v. United States*, No. 4:00cr-00022-003-WRW, 2006 WL 3420303 (E.D. Ark. Nov. 28, 2006). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). They are not to be used to "introduce new evidence that could have been adduced during pendency" of the motion at issue. *Id.* A motion for reconsideration is also not the appropriate place to "tender new legal theories for the first time." *Id.* In other words, a motion for reconsideration should be denied absent "(1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable

diligence." *Activision TV, Inc. v. Bruning*, 8:13CV215, 2014 WL 1350278, at *1 (D. Neb. Apr. 4, 2014) (collecting cases).

Defendant McGee moves the Court to reconsider its previous ruling on the issue of exhaustion, asserting that "new evidence has been discovered." Defendant does not specifically identify the "newly discovered evidence," but the Court assumes it is the Inmate Request Form Plaintiff submitted while in isolation. ECF No. 42-3. Notably, Defendant McGee does not contend that he was unable to present this Inmate Request Form during the briefing of his summary judgment motion. Motions for reconsideration are not to be used to introduce new evidence that could have been adduced during the pendency of the summary judgment motion, so the Court finds that the Motion to Reconsider should be and hereby is denied.

Even if the Court were to consider the Motion to Reconsider on the merits, it would still be denied. Failure to exhaust administrative remedies is an affirmative defense that Defendant McGee must prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). If "exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). The PLRA "requires exhaustion of only 'such administrative remedies as are available.'" *Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018) (quoting 42 U.S.C. § 1997e(a)). The Supreme Court described three circumstances in which an administrative remedy is not available: (1) where the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016). The Eighth Circuit has found administrative remedies to be unavailable where prison officials

prevented inmates from utilizing the grievance procedure or complying with the procedural requirements. *See Townsend*, 898 F.3d at 783 (holding remedy unavailable where inmate was misled when he was advised not to file a formal grievance until he received a response to his informal complaint); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (allegation that prison officials denied prisoner's requests for grievance forms raises an inference that prisoner was prevented from utilizing the prison's administrative remedies).

In *Townsend*, the Eighth Circuit examined an inmate's allegation that the grievance process was unavailable to him. 898 F.3d at 783-84. The inmate averred in an affidavit that the prison grievance process was unavailable to him, in part, because he was denied access to the prison library, which contained the only available copy of the administrative directive explaining the grievance procedure. *Id.* at 783. The inmate also swore in his affidavit that a prison official misled him by advising him not to file a formal grievance without first receiving a response to his informal complaint. *Id.* The Eighth Circuit found that the denial of access to the only available copy of the administrative directive magnified the impact of the alleged misstatements by the prison official because the inmate had no way to verify the statement. *Id.* at 783-84. As a result, the Eighth Circuit reversed the grant of summary judgment to the ADC official on the basis of exhaustion.

In the instant case, the question is whether Plaintiff complied with the PLRA's exhaustion requirement. Plaintiff contends that the grievance procedure was unavailable to him because ADC officials refused to provide him with grievance forms when asked. Plaintiff was in an isolation unit at the time. He testified in his deposition that he does not know the names of all the staff members from which he requested grievance forms but that he would recognize their faces if allowed to complete discovery. Plaintiff specifically asserts that he asked Deputy Warden Gary Musselwhite for a grievance form but never received one. Defendant McGee flatly denies these

allegations, claiming that Plaintiff could have used an Inmate Request Form to request grievance forms. Defendant McGee offers into evidence an Inmate Request Form that Plaintiff completed while he was in isolation and within the fifteen-day timeframe Plaintiff had for completing his grievance regarding the alleged assault. Plaintiff filled out an Inmate Request Form on August 1, 2016, directed to the Warden, which inquired as to how allegedly allowing a sexual assault of an inmate aligns with the ADC's "mission statement." ECF No. 42-3.

While using an Inmate Request Form to request a grievance form appears to be one avenue for obtaining a grievance form, it is not the only avenue. Defendant McGee states that Plaintiff could have personally requested a grievance form by directly contacting various staff members. In fact, this is exactly what Plaintiff alleges he did. Further, the use of an Inmate Request Form is not specifically contemplated by Administrative Directive 14-16, which simply states that the "grievance form shall be readily available to any inmate in any housing area at any time." ECF No. 30-1, p. 4. Plaintiff's completion of one Inmate Request Form, in which he does not request a grievance form, does not definitively show that Plaintiff had access to grievance forms whenever he did request them. Accordingly, if the Court were to consider the merits of Defendant McGee's Motion to Reconsider (ECF No. 42), the motion would be denied.[2]

In its previous order declining to adopt a Report and Recommendation (ECF No. 31), the Court found that a fact question exists regarding whether Plaintiff complied with the PLRA's exhaustion requirement. This is an issue that merits an evidentiary hearing. Accordingly, this matter will be referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), to determine

---

[2] Defendant McGee argues alternatively in his Motion to Reconsider that Plaintiff prevented ADC officials from investigating his claim because he did not name Defendant McGee in the PREA report. According to Defendant McGee, this shows that, had Plaintiff filled out a grievance form, he would not have named Defendant McGee in the grievance form and thus would have prevented ADC officials from investigating the claim against McGee. The Court disagrees with this argument, which is based on pure speculation.

whether Plaintiff was prevented from exhausting all administrative remedies such that the exhaustion requirement should be deemed satisfied.

For the foregoing reasons, the Court **DECLINES TO ADOPT** the instant Report and Recommendation (ECF No. 53).  Defendant McGee's Motion for Reconsideration (ECF No. 42) is **DENIED**.  This case is referred to a magistrate judge for an evidentiary hearing.

**IT IS SO ORDERED**, this 25th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge