IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BART WAYNE WOODARD                                                              PLAINTIFF

v.                              Civil No. 6:18-CV-06013

CORRECTIONAL OFFICER MCGEE and                                              DEFENDANTS
INMATE TODD RANDALL GREENWAY

# ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Currently before the Court are Plaintiff's Motion to Add Objections to the Record (ECF No. 47), Motion to Prevent Defendants from Filing a Second Dispositive Motion (ECF No. 48), and a Motion to Compel (ECF No. 49).

Plaintiff filed his Motion to Add Objections to the Record on June 4, 2019. (ECF No. 47). In his Motion, Plaintiff states that he received the Order dismissing the Doe Defendants on May 14, 2019. (ECF No. 47 at 1-2). He states that "this would not be a problem except" he never received the Report and Recommendation regarding the dismissal of the Doe Defendants. (ECF No. 47 at 2). He further asks that the Court note that he was housed in punitive isolation for a disciplinary incident from April 24, 2019, through May 14, 2019. He did not have access to a writing instrument until May 7, 2019. (*Id*. at 4-6). Once he received a flex pen, he asked for legal paper and "legal research case law" and never received a response to his request. (*Id*. at 6-7). He further states that just prior to being placed in Arkansas Department of Correction isolation, he was housed in the Little Rock County Jail for four days in April of 2019. (*Id*. at 4-5). He asks that the Court let the record reflect these issues and objections. (*Id*. at 7).

1

The initial scheduling Order for this case was entered on April 30, 2018. (ECF No. 12). The deadline to identify Doe Defendants was July 30, 2018. (ECF No. 12). On February 25, 2019, an Order setting new deadlines was entered after the first Motion for Summary Judgment was denied. (ECF No. 33). The new deadline to identify Doe Defendants was March 8, 2019. (*Id*.). In both Orders, Plaintiff was advised that failure to identify any Doe Defendants by the deadline would result in their dismissal from the case. (ECF Nos. 12 at 3; 33 at 2). The Report and Recommendation to dismiss the Doe Defendants was filed on April 22, 2019, well after the Doe identification deadline of March 8, 2019. (ECF No 38). The Court's Order adopting *in toto* the Report and Recommendation and dismissing without prejudice all John Doe Defendants was entered on May 10, 2019. (ECF No. 41). Plaintiff raises no objection to their dismissal in his Motion to Add Objections to the Record (ECF No. 47), nor does the Motion seek reinstatement of the dismissed John Doe Defendants. Instead, Plaintiff's Motion seeks to have the Court note his allegations that he did not receive the Report and Recommendation (ECF No. 38), that he was in isolation and without access to the courts for a period of 25 days, and his difficulty in obtaining writing materials and access to a law library. To that extent, Plaintiff's Motion (ECF No. 47) is GRANTED, and his allegations are noted in this Order.

On June 15, 2018, Defendant McGee filed his first Motion for Summary Judgment on Exhaustion. (ECF No. 15). This Motion was denied on February 1, 2019, and new deadlines were set. (ECF Nos. 31, 33). On May 17, 2019, Defendant McGee filed a Motion to Reconsider the Issue of Exhaustion. (ECF No. 42). As the decision on the Motion to Reconsider was still pending, the Court entered an Order on May 23, 2019 (ECF No. 46) granting Defendants' Motion to Stay the Dispositive Motion deadline for a summary judgment motion on the merits. Plaintiff's Motion to Prevent Defendants' from Filing a Second Dispositive Motion (ECF No. 48) was filed shortly

thereafter on June 4, 2019. In that Motion, Plaintiff argues he should not be required to defend against two summary judgment motions, and he further alleges that Defendants have stalled and delayed "meaningful discovery." (*Id*. at 4). Defendant McGee filed his Response on June 6, 2019. (ECF No. 51). As Defendant McGee's first Motion for Summary Judgment, as well as the subsequent Motion for Reconsideration, were limited to the issue of administrative exhaustion, Plaintiff's arguments are without merit. Nothing in the text of Federal Rule of Civil Procedure 56 prohibits the submission of a summary judgment motion based solely on the issue of administrative exhaustion prior to one based on the merits. *See e.g., Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) ("Federal Rule of Civil Procedure 56 does not limit the number of motions that may be filed."). Indeed, this approach is preferred for reasons of judicial economy when the administrative exhaustion issue may obviate the need to address the merits of a case. *See* 42 U.S.C.A. § 1997e (West) ("No action shall be brought . . . by a prisoner . . . until such administrative remedies as are available are exhausted.). Plaintiff's Motion to Prevent Defendants' from Filing a Second Dispositive Motion (ECF No. 48) is DENIED.

Plaintiff filed his Motion to Compel on June 4, 2019. (ECF No. 49). Defendant McGee responded on June 6, 2019. (ECF No. 52). In the Court's Order dated February 25, 2019, which established new deadlines for the case, the deadline to complete discovery was set on April 2, 2019. (ECF No. 33). As Plaintiff's Motion to Compel was filed over two months after this deadline had passed, his Motion to Compel (ECF No. 49) is DENIED as untimely.

IT IS SO ORDERED this 30th day of March 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE