IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BART WAYNE WOODARD                                        PLAINTIFF

v.                            Civil No. 6:18-CV-06013

CORRECTIONAL OFFICER MCGEE and                     DEFENDANTS
INMATE TODD RANDALL GREENWAY

## ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Currently before the Court is Plaintiff's Motion to Quash (ECF No. 78) a prior Court Order and Defendant McGee's Motion to Continue (ECF No. 81) the evidentiary hearing set for September 29, 2020. Both Motions are DENIED.

The sole issue to be examined at the upcoming evidentiary hearing is whether Plaintiff complied with the Prison Litigation Reform Act's ("PLRA") exhaustion requirements concerning a sexual assault that allegedly occurred between July 18, 2016 and July 19, 2016. (ECF No. 57 at 2, 6-7). Plaintiff alleges the process was unavailable to him because Arkansas Department of Correction ("ADC") officials denied him grievance forms when he asked for them while he was housed in an ADC isolation unit. (*Id*. at 5).

The evidentiary hearing was initially set for June 30, 2020, with witness lists to be submitted no later than 30 days prior to the hearing. (ECF No. 61). This hearing was continued at the request of Defendant McGee because Defendant's counsel was scheduled to be on FMLA leave. (ECF No. 62, 63). The hearing was rescheduled to August 21, 2020. (ECF No. 64). On July 15, 2020, Defendant McGee requested a second continuance due to COVID-19 concerns.

(ECF No. 65). This motion was granted, and the evidentiary hearing was reset for September 29, 2020. To avoid COVID-19 concerns the hearing was set to be held remotely by Zoom videoconference. (ECF Nos. 71, 80).

Plaintiff submitted his Pre-Hearing Information Sheet, including his proposed witness list on July 22, 2020. (ECF 69). It was non-compliant with the directives of the Amended Scheduling Order because it failed to provide a brief description of the anticipated testimony, as well as the anticipated length of testimony, for each of Plaintiff's proposed witnesses. On July 23, 2020, the Court directed Plaintiff to provide a compliant version by August 6, 2020. (ECF No. 71 at 2). Plaintiff submitted his Second Pre-Hearing Information Sheet on August 5, 2020. (ECF No. 74). For each of the 15 witnesses identified, Plaintiff stated, with some slight non-substantive variations to the text, that they would all testify as to "the difficulty in getting grievances and pens and signatures and delaying tactics of many correction officers in filing grievances." (*Id*.). Due to the cumulative nature of the proposed testimony, the Court entered an Order on August 7, 2020, directing Plaintiff to choose three of the proposed witnesses and submit this information to the Court no later than August 21, 2020. (ECF No. 75).

Rather than obeying the Court Order and identifying his three witnesses, Plaintiff instead filed a document labelled a Motion to Quash the Court's order, arguing that he should be permitted to proceed with all 15 proposed witnesses. (ECF No. 78). As grounds, Plaintiff states that he needs all 15 witnesses, which were chosen based on a roster from the isolation unit, because he "is unaware if any of the proposed witnesses even asked for a grievance or a pen, all of the (15) potential witnesses may have had no issues at all. . ." Plaintiff further states that the testimony of each witness "will be a surprise to the Plaintiff." (ECF No. 78 at 3). Plaintiff further alleges he

was "denied any form of discovery." (ECF No. 78 at 2). Defendant McGee filed his Response in Opposition on September 2, 2020, noting that Plaintiff's allegation that he was denied the opportunity for discovery was false, and attaching discovery documents in support. (ECF No. 79). They further argue that Plaintiff bears the burden of completing discovery and has failed to do so, despite several discovery extensions in this case. (*Id*.).

Defendant McGee filed a Motion to Continue the Evidentiary hearing on September 15, 2020. (ECF No. 81). As grounds, he states that Plaintiff has not yet identified his three witnesses, and as such, he will be unable to adequately prepare for the hearing. (*Id*.).

Plaintiff is clearly engaging in a fishing expedition with his proposed witness list, as he admits he has no idea whatsoever as to the substance of any witness' testimony. Accordingly, Plaintiff's Motion to Quash (ECF No. 78) is DENIED. Having failed to obey two Court orders concerning his proposed witness list, he has yet to identify the three witnesses he would like to testify at the evidentiary hearing. Nonetheless, the Court will provide him with one final opportunity to identify those three witnesses. Plaintiff is ORDERED to provide the identity of these three witnesses to the Court no later than 5:00 p.m. on Friday, September 25, 2020. The Clerk is DIRECTED to mail a copy of this Order to Plaintiff by overnight mail.

Defendant McGee's Motion (ECF No. 81) for a third continuance of this hearing is DENIED. If Plaintiff fails to provide the identity of his three witnesses, the Plaintiff will still be able to testify on his own behalf and present other evidence.[1] As Plaintiff has no idea as to the content of his proposed witnesses' testimony, and as the subject of the hearing is limited to the

---

[1] The Court notes that Plaintiff requested, and received, copies of all documents filed in this case from June 20, 2019 through August 13, 2020. (ECF No. 77).

narrow topic of exhaustion, it is unlikely that significant preparation for these witnesses is either needed or possible.

    IT IS SO ORDERED this 15th day of September 2020.

                                              /s/ *Mark E. Ford*

                                              HON. MARK E. FORD
                                              UNITED STATES MAGISTRATE JUDGE