IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BART WAYNE WOODARD                                                    PLAINTIFF

v.                                        Case No. 6:18-cv-6013

CORRECTIONAL OFFICER MCGEE and
INMATE TODD RANDALL GREENWAY                          DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed November 13, 2020, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 91.  Judge Ford recommends that Plaintiff's complaint be dismissed.  Plaintiff, representing himself in this action, has responded with objections.  ECF No. 96.  The Court finds the matter ripe for consideration.

## I. BACKGROUND

Plaintiff alleges his constitutional rights were violated when he was sexually assaulted and beaten in his cell while incarcerated in the Arkansas Department of Corrections ("ADC"), Ouachita River Unit, between July 18, 2016, and July 19, 2016.  Plaintiff alleges that Defendant McGee, a correctional officer, opened the cell door to let inmates into Plaintiff's cell to perpetrate the assault and documented the incident on a smartphone.  Plaintiff did not file a grievance regarding this alleged attack, but he did file a report under the Prison Rape Elimination Act ("PREA").

Defendant McGee filed a summary judgment motion (ECF No. 15), arguing that Plaintiff failed to exhaust his available administrative remedies, and thus, his claims are barred by the Prison Litigation Reform Act's ("PLRA") exhaustion requirement.  Plaintiff filed a response to the

summary judgment motion, in which he stated that "[a]ll correctional officers refused access to all forms of official type paper forms for making request[s] or filing complaints [and/or] grievances."[1] ECF No. 20, p. 5.  Plaintiff's response was dated, signed, and sworn under penalty of perjury pursuant to 28 U.S.C. § 1746.  Judge Ford issued a Report and Recommendation (ECF No. 25) concluding that Plaintiff had failed to exhaust his administrative remedies and recommending that Plaintiff's claims be dismissed.  Plaintiff filed objections (ECF No. 29), admitting that he did not file any grievances regarding the assault.  He argued that his failure to exhaust his administrative remedies did not warrant dismissal because he was prevented from utilizing the ADC's grievance procedure.  He included a handwritten, signed, and sworn declaration in which he stated that six ADC staff members refused to provide him with grievance forms when requested while Plaintiff was in isolation.  ECF No. 29-2.  Defendant McGee filed a response (ECF No. 30) to Plaintiff's objections, arguing that Plaintiff had access to the grievance process but failed to use it.  Defendant McGee noted that during the two-week period in question, fifty-six grievances were filed by other inmates in isolation.  Thus, Defendant McGee reasoned that grievance forms were available to Plaintiff while in isolation.

The Court declined to adopt the Report and Recommendation (ECF No. 25), finding "that a genuine issue of material fact exist[ed] as to whether Plaintiff was kept from utilizing the ADC grievance procedure, and, accordingly, whether he had any available administrative remedies." ECF No. 31, p. 4.  Defendant McGee filed a Motion to Reconsider Exhaustion, citing recently discovered evidence in this case.  ECF No. 42.  Judge Ford then issued a Report and Recommendation (ECF No. 53) regarding  the Motion to Reconsider Exhaustion.  First, Judge Ford addressed an argument advanced by Plaintiff that the filing of his Prison Rape Elimination

---

[1] Plaintiff did not allege in his complaint that he was denied access to grievance forms or the grievance process.

Act ("PREA") report satisfies his PLRA administrative exhaustion requirement. Judge Ford concluded that a PREA report cannot be used in place of a prison grievance procedure to satisfy the PLRA administrative exhaustion requirement.[2] Second, Judge Ford concluded that the ADC grievance procedure was available to Plaintiff and that he was not prevented from using it. Third, Judge Ford concluded that Plaintiff willingly chose not to exhaust his administrative remedies. Judge Ford recommended that the Court grant Defendant McGee's Motion to Reconsider Exhaustion (ECF No. 42) and dismiss Plaintiff's complaint with prejudice.

The Court declined to adopt the Report and Recommendation (ECF No. 53) and noted that motions to reconsider are not to be used to introduce new evidence that could have been adduced during the pendency of the summary judgment motion. ECF No. 57. The Court referred the case to Judge Ford to conduct an evidentiary hearing to determine whether Plaintiff was prevented from exhausting all administrative remedies such that the exhaustion requirement should be deemed satisfied.

On September 29, 2020, the evidentiary hearing was held by Zoom teleconference.[3] Three ADC inmates testified on behalf of Plaintiff. Each inmate testified that he had difficulty getting grievance forms while in isolation. Two inmates testified, however, that they were able to file some grievances while in isolation. All three inmates were able to file over twenty grievances each while incarcerated at ORU.

Plaintiff testified that he asked guards for grievances and request forms, but nothing happened. Plaintiff testified that he asked Deputy Warden Musselwhite for a grievance form within the fifteen-day deadline for filing a grievance regarding the alleged assault, but Musselwhite

---

[2] Plaintiff did not object to this portion of the Report and Recommendation. ECF No. 53.
[3] For a detailed summary of the testimony from each witness, see the Report and Recommendation. ECF No. 91, pp. 9-15.

never sent Plaintiff a grievance form. However, Plaintiff acknowledged that he submitted one Inmate Request Form while in isolation, which he received from an inmate porter and not from ADC staff.  An Inmate Request Form could be used to request grievance forms; however, Plaintiff did not do so.  Plaintiff stated that he met with the prison chaplain and two ADC officers investigating his PREA report but did not ask them for a grievance form.  When asked why he did not do so, Plaintiff responded that he had already filed a PREA report, and he thought that was "good enough."  He testified that he did not file any grievances when he was released from isolation into general population because it would have been outside his fifteen-day deadline.[4] Plaintiff stated that an ADC officer brought him a PREA report while in insolation and clarified that he received the Inmate Request Form from an inmate porter within his fifteen-day deadline for filing a grievance regarding the alleged assault.

Terri Brown, ADC Grievance Supervisor, testified that filing a PREA report does not satisfy the ADC grievance process.  Jason Gray, ADC Grievance Coordinator, testified that during the fifteen-day window Plaintiff had for timely filing a grievance regarding the alleged assault, nineteen inmates filed grievances while in insolation.  Musselwhite testified that he never denied Plaintiff a grievance form.

After the hearing, Judge Ford filed the Report and Recommendation at issue (ECF No. 91), finding that Plaintiff did not file a grievance regarding the alleged assault because he believed the PREA report to be sufficient.  Judge Ford notes that the Eighth Circuit has not addressed whether a PREA report may be used in the place of a prison grievance procedure to satisfy the PLRA administrative exhaustion requirement.  However, the Ninth Circuit and most district courts that

---

[4] In his objections to the instant Report and Recommendation (ECF NO. 96), Plaintiff states that he did not have an opportunity to file a grievance when released from isolation because he went directly to a hospital for treatment of an infection.

have addressed this issue, including the Western District of Arkansas, have held that a PREA report does not replace a prison grievance procedure for the purpose of satisfying the PLRA exhaustion requirement.  *See, e.g., Porter v. Howard,* 531 F. App'x 792, 793 (9th Cir. 2013); *Bledsoe v. McDowel*, No. 4:16-cv-4057, 2017 WL 1091332, at *3-4 (W.D. Ark. Mar. 21, 2017).  Thus, Judge Ford concludes that the submission of Plaintiff's PREA report was not sufficient to satisfy the PLRA administrative exhaustion requirement.

Judge Ford, noting Plaintiff's inconsistencies, contradictory testimony, and misrepresentations during the pendency of this case, does not find credible Plaintiff's testimony that he was denied access to grievance forms while in isolation.  Instead, Judge Ford finds that Plaintiff did not file a grievance regarding the assault because he believed he did not need to file both a PREA report and a grievance.  Judge Ford recommends that the Court dismiss Plaintiff's complaint for failure to exhaust his administrative remedies as required by the PLRA.

### III.  DISCUSSION

Plaintiff's objections address many different topics, some of which are not related to the exhaustion issue.  He gives details of the alleged assault and his opinion as to why it happened.  He reiterates that he asked for grievance forms while in isolation but did not receive them.  He alleges that the refusal to provide him with grievance forms was a coverup for the assault so that it could not be reported.  Plaintiff complains that he should have been allowed to conduct more discovery and that he did not receive some requested discovery.  He further complains that he should have been allowed to call more than three witnesses at the evidentiary hearing.  Addressing his failure to file a grievance, Plaintiff states that he did not make the choice not to file a grievance but that he was prevented from doing so because he did not have access to a grievance form.  Plaintiff also reiterates that he believed that submitting a  PREA report served the same purpose

as filing a grievance.

Plaintiff repeatedly refers to the PLRA's exhaustion process as a "technicality" and is frustrated that the Court will not review the claims in his complaint, especially given the fact that he filed a PREA report regarding the assault. The Court understands Plaintiff's confusion regarding exhaustion in this context, especially given the fact that the ADC's PREA policy does not cross-reference the grievance process. Further, the Court understands Plaintiff's perception of the exhaustion requirement as an unfair technicality designed to keep inmates out of court. However, the Eighth Circuit has explained that the exhaustion process is important because it gives corrections officials the opportunity to address complaints internally before being haled into federal court, filters out some frivolous claims, and facilitates adjudication by clarifying the contours of the controversy. *Johnson v. Jones*, 340 F.3d 624, 626-27 (8th Cir. 2003).

Plaintiff does not dispute that he did not file a grievance regarding the assault. The Court agrees with Judge Ford that a PREA report cannot be used in place of a prison grievance procedure to exhaust the PLRA administrative exhaustion requirement. *See, e.g., Porter,* 531 F. App'x at 793 (PREA does not excuse inmate from requirement of filing and exhausting an administrative remedy; *Bledsoe*, 2017 WL 1091332, at *3-4; *Barringer v. Stanley*, No. 5:16-cv-17, 2017 WL 1028595, at *3 (W.D.N.C. Mar. 16, 2017) ("initiation of an action under the PREA simply does not satisfy the requirements for exhaustion of administrative remedies). The Court further agrees with Judge Ford's finding that Plaintiff was not denied access to the ADC's grievance process but instead relied on the filing of a PREA report as a substitute for filing a grievance. Accordingly, the Court finds that Plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies as required by the PLRA.

## IV.  CONCLUSION

For the reasons stated above, based on its own de novo review, the Court overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*.  ECF No. 91.  Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of March, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge